IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § | |
| Plaintiff, § § | |
| v. § § | Case No. 3:24-cv-00133-S |
| $39,980 IN U.S. CURRENCY, § § | |
| Defendant in Rem. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff the United States of America's (the "Government") Motion for Default Judgment and Final Judgment of Forfeiture (ECF No. 10), which the District Judge referred to the United States Magistrate Judge for findings and a recommendation (ECF No. 11). For the reasons explained below, the District Judge should **GRANT** the Motion and enter a final judgment of forfeiture.

**Background**

The Government brought its Verified Complaint for Forfeiture in Rem (ECF No. 1) on January 17, 2024, seeking the forfeiture of $39,980 in U.S. Currency ("the Property"), which was seized from Cornelius Ferrell at the Dallas-Fort Worth International Airport on October 28, 2020, in the course of a drug trafficking investigation by the DEA Dallas Airport Interdiction Group. *See* Compl. 1–2. Emily

1

Fuller claimed the Property on October 19, 2023, and sought judicial referral. *Id.* ¶ 6.

In its Complaint, the Government alleges that the Property is subject to forfeiture under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C) because it is moneys furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or property intended to facilitate such an exchange in violation of 21 U.S.C. §§ 841(a) and/or 846, and because it constitutes proceeds traceable to a violation of 18 U.S.C. § 1952, a specified unlawful activity as defined in 18 U.S.C. §§ 1957(c)(7) and 1961(1). *Id.* ¶ 1.

After initiating this action, the Government posted notice of the impending forfeiture of the Property on an official federal government website for at least 30 consecutive days, beginning January 19, 2024. *See* Notice of Pub. (ECF No. 7). The Government also sent direct notice of this action to the only known potential claimants, Emily Fuller and Cornelius Ferrell, along with a copy of the Complaint, via certified mail. Decl. Default ¶ 5 (ECF No. 8-1) (declaration of Elyse Lyons). The notice sent to Fuller was successfully delivered, but the notices to Ferrell were not. *Id.*

Neither Fuller nor Ferrell, nor any other claimant who did not receive direct notice, filed a claim for the Property. Decl. Default ¶¶ 6–7. After both the direct notice and publication notice deadlines expired, the Clerk entered a default on the Government's request against Fuller and Ferrell. Clerk's Default (ECF No. 9). The

Government then filed its motion for default judgment against Fuller and Ferrell, seeking a final judgment of forfeiture. (ECF No. 10).

## Legal Standard

*1. Default Judgment*

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). When a default has been entered, the factual allegations of the complaint are taken as true. *U.S. For Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (first citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981); and then citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Once default has been entered, the Court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b)(2). Whether to enter default judgment is within the sound discretion of the court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) ("[T]he entry of default judgment is committed to the discretion of the district judge."). "A party is not entitled to a default judgment as a matter of right, even where a defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam) (citing *Mason*, 562 F.2d at 345); *accord Nat'l Cas. Co. v. KT2 LLC*, 2021 WL 1338221, at *2 (N.D. Tex. Apr. 8, 2021) (Brown, J.). Default judgments are "disfavored" and there is "a strong policy in favor of decisions on the merits and against resolution of cases through default judgments." *Lindsey v. Prive Corp.*, 161

F.3d 886, 893 (5th Cir. 1998) (internal citations and quotations omitted). To determine whether to enter default judgment, the Court conducts a two-part analysis.

First, the Court examines whether a default judgment is appropriate under the circumstances, considering: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) the harshness of the default judgment; and (6) whether the Court would feel obligated to set aside a default on the defendant's motion. *Lindsey*, 161 F.3d at 893 (citing 10 Charles Alan Wright et al., Federal Practice and Procedure § 2685 (2d ed. 1983)).

Second, the Court assesses the merits of a plaintiff's claims to determine whether a sufficient basis exists in the pleadings for the judgment. *See Nishimatsu Constr.*, 515 F.2d at 1206. Although a defendant may be in default, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* However, "the requisite threshold for pleading sufficiency is lower on a motion for default judgment than on a motion to dismiss." *Edmond v. Marathon Petroleum Co., LP*, 2021 WL 619503, at *7 (W.D. Tex. Feb. 17, 2021) (citing *Nishimatsu Constr.*, 515 F.2d at 1206).

2. *Civil Forfeiture*

"A judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint

4

or at a time the court orders." Fed. R. Civ. P. Supp. R. G(4)(a)(i). The government can publish notice by "posting a notice on an official internet government forfeiture site for at least 30 consecutive days." Fed. R. Civ. P. Supp. R. G(4)(a)(iv). And "[t]he government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before [60 days after the first day of publication on an official internet government forfeiture site]." Fed. R. Civ. P. Supp. R. G(4)(b)(i).

Notice sent to potential claimants must include (1) "the date when the notice is sent"; (2) "a deadline for filing a claim, at least 35 days after the notice is sent"; (3) notice "that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim"; and (4) "the name of the government attorney to be served with the claim and answer." Fed. R. Civ. P. Supp. R. G(4)(b)(ii).

Relevant here, a civil forfeiture complaint must "(a) be verified; (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; (c) describe the property with reasonable particularity; . . . (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2).

And "the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Fed. R. Civ. P. Supp. R. E(2)(a). "Rule E(2)(a)

imposes a substantive pleading requirement" and requires the government to "do more than simply provide greater detail than it otherwise would be required to [provide] under Rule 8 of the Federal Rules of Civil Procedure." *United States v. $49,000 Currency*, 330 F.3d 371, 375 n.8 (5th Cir. 2003). Although "the government need not prove elements of its case at the pleading stage, . . . [it] must allege facts supporting a reasonable belief that it will be able to bear its burden at trial." *Id.* (emphasis omitted).

## Analysis

*1. Default judgment is procedurally proper under the circumstances.*

First, the Government has shown that all potential claimants to the Property are in default. No potential claimants have filed claims for the Property, and the deadline to file such claims has passed. Decl. Default ¶¶ 5–7. Under 18 U.S.C. § 983(a)(4)(A), individuals who do not receive direct notice must file claims by either 30 days from the final date of publication of the notice or 60 days after the first day of publication. *See* 18 U.S.C. § 983(a)(4)(A). Here, the first date of internet publication occurred on January 19, 2024, and the final date of publication was February 17, 2024, meaning that parties who did not receive direct notice needed to file a claim by March 19, 2024. *See* Decl. Default at ¶ 7.

The Government also sent direct notice of this forfeiture action to Fuller and Ferrell via certified mail[1] on February 13, 2024. *Id.* at ¶¶ 5–6. The notices included

---

[1] The Government's attempt to deliver actual notice to Ferrell via certified mail was returned as undeliverable. Decl. Default ¶ 5. But the Court nevertheless concludes

6

a copy of the forfeiture complaint and stated the deadlines for filing a claim and an answer to the Property, the procedure for filing a claim and answer, and the name of the government attorney to be served with the claim and answer. *Id.* at ¶ 5. Under 18 U.S.C. § 983(a)(4)(A), potential claimants who receive direct notice of the forfeiture complaint are required to file a claim to the Property no later than 30 days after service of the Government's complaint. 18 U.S.C. § 983(a)(4)(A). To date, neither Fuller nor Ferrell has filed a claim.

The Government has shown that the deadlines for potential claimants who were indirectly or directly notified have passed and no individuals have filed claims. Therefore, Fuller and Ferrell are in default. *See U.S. v. $31,480 in U.S. Currency*, 2022 WL 17416356, at *3 (N.D. Tex. Oct. 6, 2022) (Toliver, J.), *adopted by* 2022 WL 14915584 (N.D. Tex. Oct. 25, 2022).

The *Lindsey* factors[2] also support granting default judgment under these circumstances. Because no potential claimant has filed a claim to the Property,

---

that the Government followed proper notice procedures. Due process in the forfeiture context does not require actual notice; rather, it requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the forfeiture action and afford them an opportunity to present their objections." *Bailey v. U.S.*, 805 F.3d 736, 738–39 (5th Cir. 2007). And the fact that actual notice was returned as undeliverable does not render default judgment improper when general notice of the forfeiture was given to the public through the Government's posting on its official website. *U.S. v. $18,592.00 of $35,037.00 in U.S. Currency*, 2013 WL 3095519, at *5 (N.D. Tex. June 20, 2013) (Lynn, J.) (citing *U.S. v. $536,039.00 in U.S. Currency*, 760 F.Supp. 575, 577 (S.D. Miss. 1990)).

[2] Pursuant to *Lindsey*, the Court should examine whether default judgment is appropriate under the circumstances, considering: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether

there are no material facts in dispute. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("The defendant, by his default, admits the [Government's] well pleaded allegations of fact"). The claimants' failure to file a claim or otherwise respond "has brought the adversary process to a halt, effectively prejudicing the government's interest in obtaining forfeiture of the property at issue." *U.S. v. $932,501.94 in Funds Seized from BBVA Account Ending in 8653*, 2022 WL 4227540, at *4 (N.D. Tex. Aug. 31, 2022), *adopted by* 2022 WL 4227520 (N.D. Tex. Sept. 13, 2022). As discussed above, the Government has shown that the grounds for default are clearly established, and there is no evidence that the default was caused by good faith mistake or excusable neglect. *See Lindsey*, 161 F.3d at 893. The passing of at least six months since the expiration of the deadlines for any potential claimant to file a claim mitigates the harshness of a default judgment. *See* Decl. Default ¶ 6–7. Finally, there are no facts in the record which indicate that the Court would be obligated to set aside the default, if challenged. Accordingly, a default judgment is procedurally warranted.

2. *There is sufficient basis in the pleadings for entry of a default judgment.*

In addition to demonstrating the default judgment is procedurally warranted, the Government's Complaint meets the requirements of Federal Rules

---

grounds for default are clearly established; (4) whether default was caused by a good faith mistake or excusable neglect; (5) the harshness of the default judgment; and (6) whether the Court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citing 10 Charles Alan Wright et al., *Federal Practice and Procedure* § 2685 (2d ed. 1983)).

of Civil Procedure Supplemental Rule G(2) and pleads sufficient facts supporting entry of default judgment. As explained above, a civil forfeiture complaint must "(a) be verified; (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; (c) describe the property with reasonable particularity; . . . (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2). The Government's Complaint does all of the above.

First, the Complaint is verified. Compl. 11 (including verification from Special Agent Henry Blackmon, Drug Enforcement Administration). And the Complaint properly states the grounds for subject matter jurisdiction, in rem jurisdiction, and venue in this District. *Id.* at 2. The Complaint describes the subject Property with reasonable particularity, explaining that the Property is $39,980 in U.S. Currency seized from Ferrell's suitcase at DFW Airport. *Id.* at 4–6. The Complaint also identifies the statutes under which forfeiture is sought: 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C). *Id.* at 1.

Finally, the Complaint states sufficiently detailed facts to support a reasonable belief that the Government will be able to meets its burden of proof at trial. Specifically, the Complaint alleges that on October 28, 2020, DEA Task Force Officers observed Ferrell carrying a pink suitcase at the baggage and ticket area of DFW Airport's Terminal A and, operating on credible information, asked to speak with him. Compl. 3–4. Though Ferrell initially stated that he was not travelling

with large amounts of U.S. currency or drugs, he eventually told investigators that he had $3,000 in his pants pocket. *Id.* at 4. The investigators indeed located $3,055 in Ferrell's front left pocket. *Id.* When questioned about the reason for carrying the cash, Ferrell told the officers that he was traveling to Los Angeles to purchase a vehicle, but he could not provide any details about the vehicle he was supposedly purchasing. *Id.* Ferrell declined consent for the officers to search his suitcase, but after a certified drug dog, Lulu, gave a positive alert for the presence of an odor of narcotics, Ferrell provided consent to search his suitcase. *Id.* at 4–5. Inside, officers found a small red fanny pack containing several bundles of U.S. Currency wrapped in plastic and bound by rubber bands. *Id.* at 5. Officers also found a light blue plastic bag that contained marijuana drug paraphernalia, two large, empty vacuum seal plastic bags, and several dryer sheets. *Id.*

The Complaint states that following the currency seizure, investigators reviewed Ferrell's work history on the Texas Workforce Commission and did not find evidence of legitimate employment commensurate with the amount of currency he was carrying—but that he has a lengthy criminal history involving possession of illegal drugs and firearms, and that the amount of money seized is not typical of legitimate airport travelers. *Id.* at 6. The money seized from Ferrell's suitcase totaled $39,980. *Id.*

With these facts, the Government has presented a sufficient basis on which to grant a default judgment on its claim for forfeiture of the Property. *See U.S. v. $31,480 in U.S. Currency*, 2022 WL 17416356, at *3–4.

## Recommendation

For the reasons explained above, the Court recommends that the Government's Motion for Default Judgment and Final Judgment of Forfeiture be **GRANTED**. The District Judge should enter a final judgment of forfeiture.

**SO RECOMMENDED.**

September 19, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).